UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


John Seldon

    v.                              Civil No. 06-cv-239-JD

Sky Meadow County Club, Inc.


O R D E R

John Seldon brought suit in state court against his former employer, Sky Meadow Country Club, Inc., alleging federal claims of employment discrimination and a state law claim of wrongful termination. Sky Meadow removed the action to this court on June 29, 2006. When Sky Meadow failed to respond within the time allowed under Federal Rule of Civil Procedure 12, the Clerk of Court entered a default. Sky Meadow then moved to have the entry of default set aside, and Seldon objected. Sky Meadow filed an answer on August 11, 2006.

"For good cause shown, the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). The good cause standard in this context is liberally construed. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004). The relevant factors for the court to consider in determining whether good cause has been shown are "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004).

In its motion to set aside the entry of default, Sky Meadow states that its counsel inadvertently failed to file an answer within the time allowed (1) because he was focusing on the removal process, (2) because counsel was mistaken about the deadline for filing an answer, (3) because lead counsel was away on vacation and had other commitments, and (4) because Sky Meadow was too busy operating the country club to assist in preparing an answer. As Seldon points out, however, Sky Meadow failed to submit any affidavit or other evidentiary support for those statements. See LR 7.1(a)(2). Seldon submitted his counsel's affidavit and supporting documents that tend to raise questions as to some of the reasons given by Sky Meadow for its delay in filing a response.

Because Sky Meadow did not submit a properly supported motion to set aside the entry of default, it has not shown good cause to do so. Certain facts, however, are apparent from the docket and the materials submitted by Seldon. Sky Meadow is represented by Alfred A. Gray, Jr., who is a partner at the law firm of Bowdich & Dewey, LLP, in Boston, Massachusetts, and is appearing in this case pro hac vice, and James A. Callahan, of Brighton, Runyon & Callahan, P.A., in Peterborough, New Hampshire. Gray apparently left for vacation before Sky Meadow's response was due on July 19 without making arrangements with anyone in his firm or with Callahan to cover for him in this

case. In addition, at least some of the reasons given by Sky Meadow to excuse its failure to comply with Rule 12 raise concerns as to whether Sky Meadow and its counsel appreciate the seriousness of the allegations that have been made here and their obligation to comply with the federal and local rules in this action.

## Conclusion

For the foregoing reasons, the defendant's motion to set aside the entry of default (document no. 7) is denied without prejudice to file a properly supported motion for the same relief.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 24, 2006

cc:  James M. Callahan, Esquire
     Alfred A. Gray, Jr., Esquire
     Nancy Richards-Stower, Esquire